[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before the Court for decision is Plaintiff's Motion in Limine to exclude evidence and testimony with respect to individual Rhode Island Properties.
At the outset this Court notes that (a) the motion practice incident to this case possibly is unique in its volume in the recent history of the Superior Court as indeed is (b) the scope of the alleged harm and the magnitude of the relief and damages which might flow from a verdict in favor of Plaintiff. Probably there is a cause and effect relationship between (b) and (a).
This Court believes that the resolution of the issue squarely presented by this motion may be one of or, indeed, may be the single most important decision which it has been called upon to render in this case since its April 2, 2001 decision on the RCP 12 (b)(6) motions filed by the Defendants.
Heretofore on July 3, 2002 this Court filed herein a decision found at 2002 WL1804063 (R.I. Super.) which dealt with Defendants' Motion for anOrder Requiring Individual Notice to Each Property Owner, etc.
In that decision the Court indicated that in its view (in the posture in which the case then stood) the Plaintiff's case was predicated on its proving that the cumulative effect of lead pigment in paint and coatings in buildings throughout the state created a public nuisance. The issue, as the Court thought it made clear, was not as to if such pigment in any particular building or group of buildings (however numerous) constituted a public nuisance, but rather whether the cumulative effect of all such pignment in such properties constitutes a single public nuisance.
Thereafter, in the Phase I trial, so called, (which, of course, dealt only with the issue of was there a public nuisance, as defined, but not with any issue as to the liability of any one or more of the Defendants), the Court excluded evidence of particular or individual Rhode Island Properties.
Recently a number of things have occurred in the course of these proceedings which have caused the parties and the Court to re-focus in the present context on the issue of whether evidence of individual Rhode Island Properties will be permitted at trial. The first thing which causes the issue to again be before the Court on Plaintiff's motion is the abandonment of the Phase I approach to trial which essentially resulted from the dropping of certain claims by the State, and the agreement of the parties to so proceed. The approaching trial on all remaining issues, including liability not only on the public nuisance count, but on all remaining counts presently is scheduled to start in early Spring of 2005. (April 6, 2005). Recently defendants pressed a motion to adjourn that trial date which, based on the arguments made to the Court, is denied at this time without prejudice.[1]
This trial date coupled with the abandonment of the phased trial approach has lead to a flurry of additional discovery, including discovery with respect to specific property (to wit, 114 ± properties identified on a state maintained data base as the, (for want of a better term), worst of the worst so far as lead problems are concerned.)) Over the strenuous objection of Plaintiff, this Court entered an Order which authorized certain discovery with respect to those particular properties. The Court permitted such discovery only after first requesting that the parties, or such of them as might desire, provide suggestions for a methodology and an expert to provide a statistically valid and meaningful approach to investigating the issues which Defendants desired to investigate and discover with respect to the estimated 270,000-360,000 buildings in Rhode Island which may be implicated in the cumulative effects hereinbefore referenced. None of the parties took up the Court's suggestion. The Court entered its Order permitting discovery with respect to the 114 ± buildings because the breadth of discovery permitted under RCP 26(b)(1) does not require that information sought in discovery be admissible at trial, but only that it appear reasonably calculated to lead to the discovery of admissible evidence. This Court, at that time, suggested that a resolution of the issue of the admissibility of evidence and testimony with respect to individual buildings might be obtained through the vehicle of a motion in limine. Ultimately, the State brought the presently pending motion.
In support of its motion the Plaintiff urges upon the Court several contentions. It argues that Defendants seek to use anecdotal evidence about some number of individual buildings to refute scientific evidence with respect to the cumulative whole as referred to above. Plaintiff tells the Court that such site specific evidence is unreliable because the use of a small number of studies, (.0003% of the entire number of homes in Rhode Island estimated to contain lead), is inadequate to counter scientific evidence — it reminds the Court that unreliable evidence is irrelevant evidence and thus not admissible under the provisions of Rule 402 of the Rhode Island Rules of Evidence. Further, it argues that the evidence derived from the individual properties examined, and to be examined, will not either (1) make the existence or non-existence of a public nuisance throughout Rhode Island more or less probable, or (2) make the Defendants' liability in this case more or less probable.
This Court consistently has ruled that property specific evidence is irrelevant in connection with the issue of whether the cumulative effect of such pigment in all such buildings, (that is to say buildings containing lead pigment in paint or coating), was a public nuisance, and sees no reason to deviate from that ruling at this time. See Phase I trial rulings referred to at pages 11 through 13 of Memorandum in Supportof Plaintiff's Motion in Limine to Exclude Evidence from Individual RhodeIsland Properties.
The answer to the question of whether such evidence, (anecdotal stories from some relatively small sampling of Rhode Island buildings — even buildings with a known high number of lead poisoned occurrences), would tend to make more or less likely Defendants' liability under any of the remaining counts in Plaintiff's complaint is, it seems to the Court, dispositive with respect to Plaintiff's motion.
Defendants acknowledge that a primary reason for their desire to utilize information obtained from the individual properties is in connection with their articulated position that the cause of harms giving rise to Plaintiff's claim is the failure of responsible parties to adequately maintain the lead painted properties. They claim that Plaintiff will be unable to establish that Defendants' production and sale of the lead pigment many years ago is the proximate cause of the harm caused or threatened which forms the basis for this action.
Defendants further argue that Plaintiff must establish that not only is there a connection between the manufacture and sale of the Defendants' product and the harm alleged, (i.e. if the lead pigment had never been made, in could not have been ingested), but that Plaintiff bears the burden of establishing that Defendants' actions are the proximate cause of the particular injury(ies) complained of.
This Court notes that as a general proposition of negligence and/or product liability law, Defendants' position may be well taken (see cases cited by Defendants at pages 14 through 16 in Defendants' Memorandum ofLaw in Support of Their Objection to Plaintiff's Motion in Limine toExclude Evidence from Individual Rhode Island Properties.
However, the primary thrust of Plaintiff's case here is its public nuisance cause of action which this Court believes requires Plaintiff to establish to the satisfaction of the trier of fact that the cumulative effect of lead pigment in paint and in coatings found in public and in private buildings throughout the State is the creation of a public nuisance. That is to say that Defendants, (jointly and/or severally), are subject to liability for such nuisance if caused by their activity (production and/or sale of such pigment), or by an activity in which they participated to a substantial extent, and if a result of such activity is an unreasonable interference with a right common to the general public, either through injury or harm, or the threat of the same. This Court believes despite the vehemence of Defendants' arguments to the effect that if the Court were to grant Plaintiff's motion that it would be committing an error of constitutional magnitude that the use of evidence gathered from a sampling of Rhode Island buildings in an anecdotal manner, would be violative of the provisions of Rule of Evidence 402; and finds that the introduction of such evidence neither tends to make Defendants' liability herein either more or less likely, and in the context of this case, should not be permitted for any purpose presently suggested. The Court does not find that constitutional due process requires a contrary result.
Accordingly, Plaintiff's Motion in Limine is granted consistent with the foregoing decision.
Order to enter.
[1] No further decision with respect to that motion shall be issued.